# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| OSWALD LOOKSHIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3834 |
| | § | |
| UNION PLANTERS BANK, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Defendant Regions Bank, successor by merger to Union Planters Bank, has asked this court to reconsider its order denying leave to file a second summary judgment motion. (Docket Entry No. 40).

Lookshin asserted causes of action for negligence; breach of contract; violations of the Texas Deceptive Trade Practices Act (DTPA) for misrepresentation and breach of warranty; and statutory and common-law fraud. Lookshin sought economic damages as well as damages for mental anguish. Regions Bank previously moved for partial summary judgment on the breach of contract, negligence, DTPA, and mental-anguish damages claims. This court granted that partial summary judgment motion. Regions Bank did not seek summary judgment as to Lookshin's fraud claim.

After this court's ruling, Regions Bank moved for leave to file a second summary judgment motion. This court denied the motion, noting both the deadline for filing summary

judgment motions and the fact that Regions Bank chose not to seek summary judgment on the fraud claim.  Regions Bank now moves for reconsideration, arguing that this court has effectively already granted summary judgment on Lookshin's fraud claim.

Regions Bank relies on language in this court's prior opinion.  In that opinion, this court granted Regions Bank's motion for partial summary judgment as to the negligence claim on the ground that under Texas law, "the Bank's allegedly negligent conduct could give rise to liability only if, after the daughter signed the signature card, the Bank had a duty not to allow Pamela Lookshin access to the safe deposit box.  The only source of the Bank's duties to Lookshin with respect to the safe deposit box is the rental contract between Lookshin and the Bank.  Because the acts and omissions asserted as the basis for the negligence claims could not be a basis for liability absent the parties' contract, Lookshin's claims sound in contract, not negligence."  (Docket Entry No. 34 at 10).  Under Texas law, to proceed on a negligence claim in a case based on a contract, "[i]f a party must rely on the duties created in the contract, or if the negligence claim alleges the breach of the very duties encompassed in a contract, the action is in substance an action on the contract."  *UMLIC VP L.L.C. v. T & M Sales & Env. Sys., Inc.*, 176 S.W.3d 595 (Tex. App.—Corpus Christi 2005, pet. denied).

In granting summary judgment on Lookshin's negligence claim, this court noted that "[t]he Texas Supreme Court has allowed fraudulent inducement claims to sound in tort, even if the alleged fraud is subsumed in the contract terms."  (Docket Entry No. 34 at 10, n.1).  In this respect, Texas law is consistent with the fact that the Bank did not seek summary

2

judgment as to Lookshin's fraud claim.  This court was not asked to, and did not, rule on whether Lookshin could proceed on his fraud claim.

In its motion for reconsideration, Regions Bank also relies on this court's prior opinion granting the Bank's partial summary judgment motion as to the DTPA claim.  In that opinion, this court noted that in his misrepresentation claim under section 17.46(b) of the DTPA, Lookshin asserted that "Ms. Rhodes told me that she would take Pamela's name off of my new safe deposit box numbered 127 once the signature card signed by my daughter and me was returned from Florida."  (Docket Entry No. 23 at 4).  This court stated that "Lookshin does not allege or present evidence of a misrepresentation that is outside the terms of the signature card and rental agreement he signed and provided the Bank.  The signature card and rental agreement specify the steps necessary to remove an Authorized Signer or terminate the lease.  The card and agreement state that it is necessary to have a "written revocation" of an Authorized Signer's authority to access a safe deposit box and a written notice of termination by a Lessee.  The alleged misrepresentation is subsumed in the contract Lookshin subsequently executed."  (Docket Entry No. 34 at 23).  This part of the opinion analyzed whether Lookshin had alleged a misrepresentation that went beyond what was necessarily covered in the contract terms, required under Texas law to state a DTPA claim as opposed to a breach of contract claim.  Again, this court was not asked to, and did not, analyze whether Lookshin could proceed on a fraud claim.

The motion for reconsideration is denied.  (Docket Entry No. 40).

    SIGNED on March 19, 2007, at Houston, Texas.

                                              Lee H. Rosenthal
                                  United States District Judge